UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALVARO HERNANDEZ,                           CASE NO. 05-CV-10183

    Plaintiff,

                                              DISTRICT JUDGE DAVID M. LAWSON
v.                                          MAGISTRATE JUDGE CHARLES E. BINDER

GREEN MEADOW FARMS, INC.

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**
(Dkt. 8)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED IN PART** and **DENIED IN PART** as follows: that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted with regard to all claims except his claim that he was subjected to a hostile work environment due to his national origin in violation of Title VII and the Elliott Larsen Civil Rights Act.

**II.    REPORT**

    **A.    Introduction**

By order of United States District Judge David Lawson, this employment discrimination case was referred to the undersigned Magistrate Judge for pretrial case management. (Dkt. 3.) On October 24, 2005, Defendant Green Meadow Farms, Inc. ("Green Meadow") filed a motion to

dismiss in lieu of an answer. (Dkt. 8.) Plaintiff Hernandez responded to the motion on November 30, 2005, (Dkt. 10, Refusal to Dismiss), and Defendant filed its reply on December 1, 2005. (Dkt. 11.) Oral argument would not significantly aid the decisional process. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court will address the motion based upon the papers filed.

### B. Motion Standards

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the plaintiff's claims. *Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir. 1997). The court must accept as true all factual allegations in the complaint, must resolve any ambiguities in the plaintiff's favor, *Ziegler v. IBP Hog Market*, 249 F.3d 509, 511-512 (6th Cir. 2001), and must construe all reasonable inferences in favor of the plaintiff. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the court need not accept as true a plaintiff's legal conclusions or unwarranted factual inferences. *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003).

The Sixth Circuit has instructed that, "although we do not require the plaintiffs at the 12(b)(6) stage to present evidence on the elements of their claims, their complaint must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Generally the court is confined to reviewing solely the complaint to determine whether a plaintiff has stated a claim, and matters outside the pleadings may not be considered. *See, e.g., Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). However, when a plaintiff

attaches exhibits to a complaint that are central to the asserted claims, the exhibits may be taken into account. *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1555 (6th Cir. 1997).

In this case the plaintiff is not represented by counsel. The Supreme Court has held that the federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

**C.     Plaintiff's Complaint**

Plaintiff Hernandez utilized a form complaint provided by this district for filing employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* On the form complaint, Plaintiff checked the boxes alleging that he was discriminated against on the basis of his race and national origin when his employment with Defendant Green Meadow was terminated. He did not avail himself of the opportunity to write in any additional allegations of discrimination on the pages of the form complaint. (*See* Compl. at 2.)

Several documents are attached to the form complaint. First is a three-page narrative wherein Plaintiff alleges that, while employed at Green Meadow, (1) his supervisor refused to allow him to take breaks; (2) he was forced to eat standing up while working; (3) derogatory statements were made, such as "I hate Mexicans"; (4) a sign reflecting that same message was hung up and he was instructed to read it; and (5) he was grabbed around his neck when he asked to speak to the owner. (Compl. Narrative at 2-3.) Plaintiff avers that although he worked hard, put in long hours, and was never reprimanded for poor work performance, he was fired in

December 2004. He claims that his supervisor "handed [him] three write-ups at one time on the same day with different dates," but he does not state when this occurred. (*Id.* at 2.)

Also attached to the complaint is a two-page statement addressed to "the Honorable Judge" and signed by "Gloria Rayourriego for Mr. Alvaro Hernandez." This document contains an allegation that Plaintiff was cheated out of a portion of his pay by one of his supervisors.

Four pages of documents from the U.S. Equal Employment Opportunity Commission ("EEOC") are attached to the complaint. Included in these materials is a letter to Plaintiff from the federal investigator explaining the results of the investigation into his allegations. In the second paragraph of the letter, the investigator states that Plaintiff's EEOC charge contained three allegations: (1) that he was subjected to a hostile work environment;[1] (2) that he was discharged because of his national origin, Mexican, and (3) that he was retaliated against. (Letter from Investigator Martinez dated April 28, 2005, at 1.) The letter informed Plaintiff that his charge was being dismissed because the investigation failed to uncover any evidence to substantiate his claims. (*Id.*) Also attached to the complaint is Plaintiff's EEOC Dismissal and Notice of Rights form, commonly known as a "right-to-sue letter."

Finally, two identical typewritten "witness statements" signed by two former employees of Green Meadow Farms are attached to the complaint. Among other complaints, each of these former employees alleges that he was taken advantage of because he had no green card.

**D.     Defendant's Motion to Dismiss**

**1.     Discriminatory Discharge Based upon Race and/or National Origin**

Defendant moves for dismissal of the complaint on several grounds, one being that Plaintiff has failed to allege facts sufficient to state a claim for discriminatory termination based upon his

---

[1] Defendant characterizes this claim as one for "national origin harassment." (Dkt. 8, Br. in Supp. at 2.)

4

race or national origin under either Title VII or Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2101 *et seq.*[2] (Dkt. 8, Br. in Supp. at 8-10.)

Generally, Title VII prohibits employers from discharging, or otherwise discriminating against, an individual with respect to compensation, terms, conditions, or privileges of employment because of race, color, religion, sex, or national origin. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir. 2005). In this case, a liberal reading of the *pro se* complaint and exhibits indicates Plaintiff's intent to bring forward a claim of unlawful termination due to his race and/or national origin.

The elements of a *prima facie* case of discriminatory termination under Title VII are: (1) plaintiff is a member of a protected class, (2) he was subject to an adverse employment action, (3) he was qualified for the position at issue, and (4) he was replaced by someone outside the protected class. *Smith v. City of Salem, Ohio*, 378 F.3d 566, 470 (6th Cir. 2004); *Noble v. Brinker Intern., Inc.*, 391 F.3d 715, 728 (6th Cir. 2004). Although a plaintiff is not required to "present evidence" on each of these elements in his complaint, the complaint must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Defendant argues that, even assuming Plaintiff has alleged facts with regard to the first three elements, he has not alleged or otherwise stated facts from which an inference can be drawn that

---

[2]Claims of employment discrimination brought pursuant to Michigan's ELCRA are analogous with claims brought under the federal statute, and therefore the analysis in this section applies to both. *See Jackson v. Quantex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999); *Pilon v. Saginaw Valley State University*, 298 F. Supp. 2d 619, 635 (E.D. Mich. 2003).

he was replaced by someone from outside of the protected class. (Def.'s Br. in Supp. at 8-9.) Defendant cites *Prentice v. Information Resources, Inc.*, No. 96-C-3819, 1996 WL 660854 (N.D. Ill. Nov. 12, 1996) (unpublished), in support of its argument. The plaintiff in *Prentice*, a black male, filed a *pro se* complaint alleging that he was suspended because of his race. The court dismissed the claim, however, because "the plaintiff failed to allege that white employees were not suspended. Thus, he does not allege he received different treatment from similarly situated white employees." *Id.* at *3.

I suggest that Defendant's argument prevails. Plaintiff here has not alleged that he was fired and replaced by someone outside of the protected class or stated facts that could lead to such an inference. Instead, he claims that his firing was unexpected and unfair. The Sixth Circuit has instructed that the pivotal issue in a Title VII claim of discrimination is whether the plaintiff was singled out because of his membership in a protected class and treated less favorably than those outside the class, not whether the plaintiff was treated less favorably than "someone's general standard of equitable treatment." *Batts v. NLT Corp.*, 844 F.2d 331, 337 (6th Cir. 1988) (citations omitted). Accordingly, I suggest that Defendant's motion to dismiss be granted with respect to Plaintiff's claim of discriminatory termination on the basis of his race and/or national origin.

### 2.     Hostile Work Environment

Plaintiff raised a claim of hostile work environment in his EEOC charge, and, liberally construing his complaint and exhibits, I suggest that they 'contain either direct or inferential allegations respecting all the material elements [of a hostile work environment claim based upon national origin] to sustain a recovery . . . .'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Under Title VII, a *prima facie* case of hostile work environment consists of five elements. *See Bourini v. Bridgestone/Firestone North Am. Tire, LLC*, 136 Fed. Appx. 747, 750 (6th Cir. 2005) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999)). First, a plaintiff must be a member of a protected class, and here it can be reasonably inferred from the complaint that Plaintiff's national origin is not the United States, but Mexico, which renders him a member of a protected class. (Compl. Narrative at 2.) The second and third elements are that unwelcomed harassment occurred and that it was based upon the plaintiff's membership in a protected class. In this case, Plaintiff has alleged that he was forced to work long hours with no breaks, that he was forced to eat lunch standing up while working, that derogatory statements were made to him such as "I hate Mexicans," that signs were hung up stating hatred for Mexicans and he was told to read them, that he was physically abused when he asked to speak to the owner of the company, and that he was cheated out of some of his pay. I suggest that these allegations, when construed liberally, are sufficient to satisfy the second and third elements.

The fourth requirement is that the harassment had the effect of unreasonably interfering with the plaintiff's work performance by creating an intimidating, hostile, or offensive work environment. In this case, Plaintiff has alleged that he was subjected to "vicious and inhuman treatment" that caused both "physical and emotional stress" and eventually led to his termination. (Compl. Narrative at 3.) Further, one could easily infer from Plaintiff's complaints about the excessively long hours without so much as a break and the incidents of expressed hatred for Mexicans that Plaintiff found the work environment to be intimidating, hostile and offensive. I therefore suggest that these allegations are sufficient to meet this element.

The final element is that the employer is liable for the harassment. For the employer to be held liable, however, the plaintiff must show "that the employer knew or should have known of

7

the conduct, and that its response manifested indifference or unreasonableness." *Jackson v. Quanex*, 191 F.3d 647, 663 (6th Cir. 1999). Here, Plaintiff contends that when he attempted to meet with the owner of Green Meadow Farms, he was physically assaulted and informed that he would never be allowed to speak with him under any circumstances. (*Id.*) It can be inferred from these assertions that Plaintiff did all he could do to inform the employer of his allegations of harassment, and therefore, considering the early posture of this case, I suggest that Plaintiff's allegation is sufficient to survive a pre-answer motion to dismiss on this element.

Accordingly, I suggest that Defendant's motion to dismiss be denied on the claim of hostile work environment, and that Defendant be instructed to file an answer to the complaint with regard to this claim.

**3.    Retaliation**

Although Plaintiff's EEOC charge apparently contained a claim of retaliation, I do not find any such claim presented in the allegations of the complaint. One of the key elements of a *prima facie* case of retaliation is that there was a causal connection between activity protected under Title VII and the adverse employment action. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). Even liberally construing the pleading filed in this case, Plaintiff has not alleged any facts indicating that he was terminated because he engaged in a protected activity. Further, Plaintiff is precluded from arguing that his termination was in retaliation for filing a charge with the EEOC, as he states he was terminated in December 2004 and his EEOC charge was not filed until January 2005.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: June 2, 2006 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on David A. Lawrence, and served in the traditional manner on Alvaro Hernandez and Honorable David M. Lawson.

|  |  |
|---|---|
| Dated: June 2, 2006 | By      s/Mary E. Dobbick |
|  | Secretary to Magistrate Judge Binder |

9