UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVARO HERNANDEZ,

               Plaintiff,               Civil Case Number 05-10183
v.                                                Honorable David M. Lawson
                                                  Magistrate Judge Charles E. Binder

GREEN MEADOW FARMS, INC.,

               Defendant.
_____/

**ORDER SUSTAINING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, REJECTING RECOMMENDATION IN PART, DENYING
MOTION TO DISMISS, AND REFERRING MATTER
TO MAGISTRATE JUDGE FOR FURTHER CASE MANAGEMENT**

      This matter is before the Court on objections by the plaintiff to a report filed by Magistrate Judge Charles E. Binder recommending that the complaint be dismissed in part and the plaintiff be allowed to proceed on his hostile work environment claim.  The Court agrees with the magistrate judge that the plaintiff states a hostile work environment claim.  The Court finds, however, that the complaint can be construed to state claims based on national origin discrimination and retaliation.  Therefore, the Court will deny the motion to dismiss.

      The plaintiff commenced this action *pro se* on July 25, 2005 alleging that he was employed by the defendant until he was terminated in December 2004.  The complaint, in its entirety, reads as follows:

> On December, 2004 I was terminated from my employment at Green Meadows Inc.  Ms. Yvonne Morris indicated I had received three write ups prior to my termination, however I never once received anything in writing regarding my job performance.  On the contrary compliments were made regarding my performance.
> Ms. Yvonne Moore handed me three write ups at one time on the same day with different dates.  For a period of one week Ms. Moore (supervisor) and Mr. Arelleene (foreman) did not allow us to sit down and eat lunch, or even take a break.  When we asked her if we could eat her response was "There is to [sic] much work which needs to be done."  We would eat standing up and while working never being

      allowed to sit down.  Derogatory statements were made such as "I hate Mexicans" even to the point where signs were hung, and we were told by one of the supervisors to look up and read this sign.  Physical abuse resulted when we had asked to speak to Mr. Charles Green.  I was grabbed around my neck by Mr. [sic].

          Ms. Moore never made any attempt to improve my work performance, because my job duties were completed in a timely manner.  During my first ninety days termination would have taken place if my performance was poor.  I worked hard putting in long hours, and was never reprimanded for work performance. Additional work was placed on us prohibiting us from being able to take our lunch or 15 mins.  breaks.  When I requested to speak to Mr. Charles Green (owner) Ms. Moore and Mr. Arellane both explained this was impossible we would never be able to speak to him under any circumstances.

          I was fired in Dec. of 2004, and these things have caused me physical and emotional stress.  Regardless of what Ms. Moore and Mr. Arellano express, there is a God in heaven who knows I'm telling the truth.  I only tried to defend myself and my co-workers from such vicious and inhuman treatment.

Compl. 1-3.

The case was referred to Magistrate Judge Charles E. Binder for determination of pretrial matters under 28 U.S.C. § 636(b).  In lieu of an answer, the defendant moved for dismissal under Federal Rule of Civil Procedure 12(b)(6).  On June 2, 2006, the magistrate judge filed his report recommending that the motion be granted in part and denied in part, and the plaintiff filed timely objections.

The magistrate judge concluded that the complaint contained the elements of a hostile work environment claim under *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999).  However, the magistrate found that the plaintiff could not proceed on a national origin discrimination claim because he failed to allege that he was treated differently than someone outside his class.  This fact is one of the elements of a prima *facie case* identified in *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004), and several other cases that set out the manner of proving a circumstantial case of discrimination.  The magistrate judge cited *Prentice v. Information Resources, Inc*., 1993 WL 660854 (N.D. Ill. Nov. 12, 1996) (unpublished), in which the district court dismissed a racial

discrimination case because the "plaintiff failed to allege that white employees were not suspended. Thus, he does not allege he received different treatment from similarly situated white employees." The magistrate recommended that the plaintiff not be permitted to proceed on a retaliation claim because he had not alleged that he was terminated for engaging in a protected activity as required by *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

The magistrate judge's conclusion that the plaintiff could not proceed on a theory of national origin discrimination because he failed to allege one of the elements of a *prima facie* case under Title VII misses the mark. "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). A complaint alleging violations of Title VII need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in *McDonnell Douglas*." *Swierkiewicz*, 534 U.S. at 508. The complaint "must contain only 'a short and plain statement of the claim showing the pleader is entitled to relief'" as required by Federal Rule of Civil Procedure 8. *Ibid*. This is appropriate because a plaintiff who "is able to produce direct evidence of discrimination . . . may prevail without proving all the elements of a prima facie case." *Swierkiewicz*, 534 U.S. at 511. Here, the plaintiff claims a supervisor told him, "I hate Mexicans," and hung up a sign to that effect. The plaintiff may well be able to make out a direct evidence case. It is inappropriate to require a plaintiff "to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Swierkiewicz*, 534 U.S. at 512.

In addition, the plaintiff's complaint states that "Ms. Moore (supervisor) and Mr. Arelleene (foreman) did not allow us to sit down and eat lunch, or even take a break. When we asked her if

we could eat her response was 'There is to [sic] much work which needs to be done.' We would eat standing up and while working never being allowed to sit down." Compl. at 2. In his objections, the plaintiff provides further information. He states that he and others were not permitted to take lunch breaks although "the Anglo employees along with supervisor, Yvonne Moore would take over 1 hour lunch breaks." Pl.'s Obj. to R&R at 2. In light of the information provided in the plaintiff's objections, the plaintiff's references in his complaint to "we" and "us" may very well refer to Mexican employees. Even without the information in the objections, however, this complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff will be permitted to proceed on his claim that he was discriminated against because of his national origin.

The magistrate judge concluded that the complaint does not contain a retaliation claim because it fails to allege that the plaintiff was terminated for engaging in a protected activity. However, the plaintiff's complaint asserts that he attempted to speak to the owner of the company in an attempt to "defend [him]self and [his] co-workers from such vicious and inhuman treatment." Compl. at 3. Subsequently, the plaintiff was terminated. Attached to the complaint are documents the plaintiff received from the EEOC discussing his claim that he was retaliated against in violation of Title VII. Read liberally as *pro se* complaints must be, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this complaint alleges that supervisors made derogatory statements about Mexicans, the plaintiff attempted to speak to the owner of the company about his concerns, but he was met with violence and then terminated. This information is sufficient to put the defendant on "'notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  These allegations are sufficient to state a claim for retaliation.

No objection has been filed to the magistrate judge's conclusion that the plaintiff has alleged sufficient facts to proceed on a hostile work environment theory.  The defendant's failure to file objections to the Report and Recommendation waives any further right to appeal.  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  However, the Court agree with the findings and conclusions of the magistrate judge and adopts that the part of the report dealing with the hostile work environment claim.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 12] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiff's objections [dkt # 13] to the report and recommendation are **SUSTAINED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt # 8] is **DENIED**.

It is further **ORDERED** that the matter is referred to the magistrate judge to conduct all additional pretrial matters.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   February 21, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 21, 2007.

                                           s/Felicia M. Moses
                                           FELICIA M. MOSES